UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Kurt Martin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-052 PPS |
| ) | |
| ) | |
| NIPSCO *et al.* ) | |
| Defendants. ) | |

### ORDER

Plaintiff Kurt Martin filed a document that he styles a "Motion for Order to Show Cause re: Plundering and Privateering" on January 25, 2013. (DE 1.) He names at least thirteen defendants in the caption of the case including the IRS, the House of Representatives and the Senate. With all due respect to Mr. Martin, it is extremely hard to understand the filing. I have no idea what his grievance is or what he wants this Court to do about it. That's a problem because Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Every allegation must be "simple, concise, and direct." *Id.* at 8(d)(1). An unintelligible pleading won't satisfy Rule 8's requirements and should be dismissed. *See Stanard v. Nygren*, 658 F.3d 792, 798-99 (7th Cir. 2011); *Schwartz v. Interra Credit Union*, No. 3:12 CV 413, 2012 WL 4741588, *2 (N.D. Ind. Oct. 3, 2012). Martin's initial filing falls within this category.

I need not wait until one or more of the defendants moves to dismiss Martin's pleading. I can do that on my own accord. "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense... even when the plaintiff has paid all fees for filing and service." *Hoskins v. Polestra*, 320 F.3d

761, 762 (7th Cir. 2003).  In other words, it's my job to screen incoming complaints and promptly dismiss those that appear frivolous or nonsensical.  *See Shah v. Inter-Cont'l Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) ("It is commendable rather than censurable in a judge to review complaints as they are filed and weed out the frivolous ones without putting the defendant to the burden of responding....").

That's what I'll do here.  If Martin wants to amend his filing so that I can understand what his grievance is and what he wants me to do about it, he's free to do so.  But until I have a coherent complaint in front of me, I'm not going to let him proceed with his lawsuit.

Therefore, the Motion for Order to Show Cause re: Plundering and Privateering (DE 1) is **DISMISSED WITH LEAVE TO AMEND** for its failure to comply with Rule 8.  Davenport's so-called Motion for Stay of Writ of Assistance Stay of Execution on any and all Void Orders (DE 3) is **DENIED AS MOOT**.

**SO ORDERED.**

ENTERED: January 30, 2013.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT