UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| Kurt Martin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-052 PPS |
| | ) | |
| | ) | |
| NIPSCO *et al.* | ) | |
| Defendants. | ) | |

### ORDER AND OPINION

On January 30, 2013, I dismissed Plaintiff Kurt Martin's lawsuit *sua sponte* because I couldn't understand what grievance he was asking me to redress. (DE 8.) I gave him leave to amend because I wanted to give him the opportunity to refile a new complaint if he could articulate his claims in a way that I could understand. Martin hasn't taken me up on that second chance. Instead, he has filed a number of increasingly bizarre "motions" asking me – among other things – to order a sheriff's weight in gold to be paid to either him or a friend of his (I can't tell which one) (DE 12), to declare that one or more banks have committed cruelty to one of his friend's animals (DE 25), and to hold Defendant Northern Trust in violation of the Geneva Convention for improperly holding prisoners of war. (DE 31.) All in all, there are six motions pending, four filed by Martin (DE 11; DE 12; DE 15; DE 25), one filed by Defendant St. Joseph County Board of Commissioners (DE 18), and one filed by Defendant Northern Trust. (DE 26.)

The last two are what I'll address now. St. Joseph's asks me to strike Martin's various filings and re-dismiss the case, this time with prejudice. Northern Trust requests similar relief. As to the first part of what they want, they're entitled to it. All of Martin's pending motions are stricken. With all due respect to Martin, they are simply incomprehensible.

But I'm a little hesitant to dismiss his case with prejudice (as opposed to its current status of dismissed without prejudice). Here's why. The Seventh Circuit is clear that a district court judges is within his or her right to dismiss a case with prejudice where the plaintiff is incapable of complying with Rule 8's "short and plain statement" requirement. *See, e.g., Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003) ("Complaints like this are pestilential, and the district court showed great restraint in wading through four iterations plus one 'more definite statement' before giving up. [The plaintiff] received more judicial attention than his pleadings deserved."); *see also Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) (holding that dismissal with prejudice is appropriate where a plaintiff repeatedly fails to meet Rule 8's requirement).

The main problem is that virtually all of the cases in which dismissal with prejudice was appropriate involve a plaintiff who filed *multiple* – usually three or more – unintelligible complaints. Here, Martin has only filed one (though I suppose I could see an argument that February 20, 2013 Motion to Alter or Amend is best viewed as a second complaint). Therefore, in perhaps what is an overabundance of caution, I'm going to give him one *final* opportunity. Martin's case remains dismissed with leave to amend; if he thinks that he can articulate his grievance so that I can understand it, he is free to try to do so. But I caution Martin that if he files another incomprehensible pleading, I likely will dismiss the matter with prejudice. I also may consider taking further action to prevent him from wasting this Court's time as a vexatious litigant. *See, e.g., In re Chapman*, 328 F.3d 903, 904-06 (7th Cir. 2003) (holding that it was proper for a district court judge to refer a vexatious litigant to the district executive committee to issue a screening injunction on future filings).

Therefore, and for the foregoing reasons, the Motions to Strike and Dismiss filed by St. Joseph's (DE 18) and Northern Trust (DE 26) are **GRANTED IN PART AND DENIED IN PART**. All of Martin's pending motions (DE 11; DE 12; DE 15; DE 25) are **STRICKEN**. However, his lawsuit remains **DISMISSED WITH LEAVE TO AMEND**.

**SO ORDERED.**

ENTERED: May 29, 2013.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT